

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00286-CV

BERTIS CUPIT, APPELLANT

V.

MANAGEMENT AND TRAINING CORPORATION, APPELLEE

On Appeal from the 345th District Court
Travis County, Texas
Trial Court No. D-1-GN-20-000500, Honorable Dustin M. Howell, Presiding

March 16, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Bertis Cupit appeals from an order dismissing his petition for writ of habeas corpus for want of jurisdiction.[1]  The petition was filed with and dismissed by the 345th Judicial District Court, Travis County.  We affirm.[2]

---

[1] The appeal is this Court's second review regarding the same set of facts addressed in our opinion in *Cupit v. Tex. Civil Commitment Office*, No. 07-18-00228-CV, 2018 Tex. App. LEXIS 9384 (Tex. App.—Amarillo Nov. 16, 2018, no pet.) (mem. op.).

[2] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

As a matter of background, we note that Cupit was tried and found to be a sexually violent predator by the 435th Judicial District Court, Montgomery County, Texas, and as defined in Texas Health & Safety Code § 841.003. As a result, he was ordered to be committed to a facility located in Lamb County, Texas, for those found to be such predators.

The entity operating the facility, Management & Training Corporation, specially appeared and filed a plea to the jurisdiction of the trial court. It contended that Cupit's "suit should be dismissed because [his] claims concern or arise from the subject matter of his civil commitment." Therefore, the committing court, i.e., the 435th Judicial District Court, had continuing jurisdiction over the matter while the 345th Judicial District Court had none. The trial court agreed and dismissed the action "without prejudice to re-filing same in the committing court." Cupit appealed.

Whether a trial court has subject-matter jurisdiction over a suit is a question of law. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Cupit v. Tex. Civil Commitment Office*, No. 07-18-00228-CV, 2018 Tex. App. LEXIS 9384, at *2–3 (Tex. App.—Amarillo Nov. 16, 2018, no pet.) (mem. op.). Consequently, we review this ruling under the *de novo* standard of review. *Miranda*, 133 S.W.3d at 226.

In assessing whether jurisdiction actually exists, we consider the plaintiff's pleadings, the factual allegations therein, and any evidence pertinent to the question which the parties may file. *Cupit*, 2018 Tex. App. LEXIS 9384, at *3. We also note that the plaintiff (i.e., Cupit here) has the burden to allege facts which affirmatively show the existence of subject-matter jurisdiction. *Id.*

2

The true nature of Cupit's claims depend upon the substance of his pleading, as opposed to the label appended to them.  *Id.* at *4.  Reading his petition for habeas relief, one encounters his request that he immediately be released "from his un-authorized In-Patient placement."   He believes himself entitled to release because "there is No Order for Confinement, [n]or is there ANY specific documentation Ordering him to an IN-Patient Only Facility, in which he has been in for a continuous period since Sept. 01, 2015."  Simply put, the petition for writ of habeas corpus is being used by Cupit as a means to attack and gain his release from commitment in Lamb County, which commitment was ordered by the 435th Judicial District Court.

Section 841.082 of the Texas Health and Safety Code provides that the court civilly committing someone as a sexually violent predator "retains jurisdiction of the case with respect to a proceeding conducted under . . . subchapter [E of the statute], other than a criminal proceeding involving an offense under Section 841.085, or to a civil commitment proceeding conducted under Subchapters F and G." TEX. HEALTH & SAFETY CODE ANN. § 841.082(d) (West Supp. 2020).  Encompassed within the scope of that statute is the complaint and relief sought via Cupit's petition.  Thus, the 435th Judicial District Court has continuing jurisdiction over the proceeding, while the 345th Judicial District Court had none.  *Cupit*, 2018 Tex. App. LEXIS 9384, at *4–5 (concluding that because the committing court in Montgomery County did not lose jurisdiction over Cupit's circumstance, the Lamb County district court lacked jurisdiction over the proceeding).  Thus, the trial court did not err in dismissing, without prejudice, the entire cause.  *Id.*

In short, and contrary to the directive of § 841.082(d), Cupit appears to be shopping the various district courts in Texas in effort to gain release from his commitment as a sexually violent predator ordered by the 435th District Court. We overrule his issues and affirm the trial court's judgment.

Per Curiam